Ernest C. Aldridge
315 Vine St. #1
Fernley Nevada 89408
(775)575-3112
armchrace@aol.com
In proper person

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| **Clarence M. Willis** and<br>**Ernest C. Aldridge**<br>       Plaintiffs<br><br>vs.<br><br>**FEDERAL NATIONAL MORTGAGE**<br>**ASSOCIATION**<br>EIN # 52-0883107   and<br>**Aldridge Pite LLP**<br>EIN 27-1372364      and<br>**Handley, Laurel I.**<br>Bar # : 9576        and<br>**Nielson, Krista J.**<br>Bar # : 10698       and<br>**Anthony R. Sassi**<br>Bar # 12486<br>       **Defendants** | **3:23-cv-00379**<br>Case #<br>In re 2:15-CV-02366<br><br>**COMPLAINT FOR RELIEF FROM JUDGMENT**<br>**OBTAINED BY FRAUD ON THE COURT** with<br>with<br>**COMPLAINT FOR DAMAGES**<br><br><br>**JURY TRIAL DEMANDED** |

   COMES NOW Plaintiffs Clarence M. Willis and Ernest C. Aldridge, and complains as follows:

**I**
**NATURE OF THIS COMPLAINT**

   1.   This complaint for relief from a judgment obtained by fraud and for damages, is an independent action seeking relief from a judgment and decree quieting title to real property located in Nevada, which was obtained by fraud on the court

1

perpetrated by officers of the court. That judgment was entered 04/24/2018 in FEDERAL NATIONAL MORTGAGE ASSOCIATION V. CLARENCE MOSES WILLIS et al case No. 2:15-CV-02366-JCM-GWF. This is the first such complaint by Plaintiffs.

## JURISDICTION

2. This court has the inerrant jurisdiction to grant relief from fraud on the court perpetrated by officers of the court that impugns the integrity of the judicial process and interferes with the administration of justice. Plaintiffs do hereby invoke that jurisdiction.

## QUESTIONS PRESENTED

3. Is the decisions and opinions of the United States Supreme Court binding on the United States district Court for the District of Nevada and its officers?

4. If so, will the court abide by those decisions and opinions in the adjudication of this case?

5. Can the United States district Court for the District of Nevada punish for contempt of the Supreme Court of the United States?

6. Whereas the code of professional conduct for lawyers and judicial canons are lofty ideas, the citizen/litigant has no plain, speedy or adequate method of enforcing them and must rely on the integrity of the officers of the court. Such is the position of the Plaintiffs in this action.

**CASES CITED**

7. Lightfoot v. Cendant Mortgage Corp., 580 U.S. \_\_\_ (2017)

**II**
**PARTIES**

8. **Plaintiff Clarence M. Willis** (Willis) is a Nevada citizen currently residing at 2459 Christian Ave, Redding, CA 96002.

9. **Plaintiff Ernest C. Aldridge** (Aldridge) is a Nevada citizen domicile at 315 Vine St. #1, Fernley Nevada 89408.

10. **Defendant FEDERAL NATIONAL MORTGAGE ASSOCIATION** (FNMA) EIN 52-0883107 is a private shareholder owned corporation organized and existing under the laws of the United States with its principal place of business located at 1100 15th Street NW Washington DC. 20002.

11. **Defendant Aldridge Pite LLP**, EIN 27-1372364, (A-P) is a debt collector law firm licensed to do business in Nevada under the license No. NV20151409497.

12. **Defendant, Laurel I. Handley,** (Handley) NV Bar # 9576 is an active member of the State Bar of Nevada, employed by Defendant Aldridge Pite LLP as lead attorney in case No. 2:15-CV-02366.

13. **Defendant, Krista J. Nielson,** (Nielson) NV Bar # 10698, is an active member of the State Bar of Nevada and was employed by Defendant Aldridge Pite LLP at the time she signed and filed case No. 2:15-CV-02366, currently employed by Tiffany & Bosco,

P.A. at 10100 W. Charleston Blvd., Suite 220, Las Vegas, NV 89135

**14. Defendant, Anthony R. Sassi,** (Sassi) NV Bar # 12486, is an active member of the State Bar of Nevada, litigated case No. 2::15_CV-02366 through final judgment and contempt preceding, and is now employed by SOUTHWEST GAS CORPORATION at 8360 S. Durango Dr., Las Vegas, NV 89113.

## IV
## BACKGROUND

15. On 12/10/2015, Defendant FEDERAL NATIONAL MORTGAGE ASSOCIATION (herein after FNMA or Fannie Mae)by and through the debt collector law firm Aldridge Pite LLP (A-P) and attorneys Laurel I. Handley, NV Bar# 9576 and Krista J. Nielson, NV Bar # 10698, filed case #2:15-CV-02366 a complaint for quiet title to nine pieces of property in Nevada, invoking federal question jurisdiction pursuant to 28 U.S.C. §1331 and based on the Ninth Circuit court of Appeals decision in Lightfoot v. Cendant Mortg. Corp., 769 F.3d 681(9th Cir. 2014) and proceeding under the authority of 12 USC §1723a(e).

16. The summons and complaint was served on Defendants. Answer was given by Defendant Willis in that case. Defendant Aldridge declined to give answer, beliving the case to be a fictitious action as no legal relationship between the parties was evident in the complaint, and no injury in fact was pleaded.

17. A jurisdictional hearing was requested, opposed and

denied with the court exercising its discretion to deny such hearings. Neither in personam jurisdiction nor subject matter jurisdiction was ever established on the court record. It was merely assumed by the court. The USDC Nevada had the power and the duty to conduct jurisdiction discovery and refused to do so.

### THE MANUFACTURE OF JURISDICTION

**18.** IN RE COUNSEL'S JURISDICTION STATEMENT IN 2:15-CV-02366.

**Case 2:15-cv-02366-JCM-GWF document 1 PAGE 4 ¶19 LINE 21-24**

### JURISDICTION AND VENUE

**19. This court has original jurisdiction over this action pursuant to 28 USC §1331 because: (1) the claims asserted arise under the laws of the United States, and (2) Fannie Mae's corporate charter confers federal question jurisdiction over claims by brought Fannie Mae. See Lightfoot v. Cendant Mortg. Corp. 769 F.3d 681(9th Cir. 2014)**

### ARGUMENT

**19.** Counsel, being learned in the law, at the time of filing case No. 2:15-CV-02366-JCM-GWF knew the limitations of the original jurisdiction of the United States District Court for the district of Nevada (USDC Nevada) and 'alleged' federal question without presenting a federal question for adjudication thus manufacturing federal jurisdiction to gain access to the federal court. See 28 USC §1331.

> **28 U.S. Code § 1331 - Federal question. The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.**

**20.** Counsel's jurisdiction statement is a bare assertion, a

fraudulent misrepresentation. Counsel does not present any constitutional issue to support the assertion of original jurisdiction and cites no federal law, the violation of which would entitle Plaintiff to relief.

21. Counsel fails to state what constitutionally protected right of the Plaintiff, if any, was violated.

22. At counsel's 2, counsel intentionally misrepresents the charter of Fannie Mae. A more mature reading of Fannie Mae's charter and the acts of Congress that created it, 12 USC 1723a, clearly shows that Fannie Mae can only sue and be sued in a court of general jurisdiction. USDC Nevada is not such a court.

23. As to counsel's cite of Lightfoot v. Cendant Mortg. Corp. 769 F.3d 681(9th Cir. 2014). That case was actively on appeal (certiorari to the 9th Cir.) to the United States Supreme Court and as such was not final.

24. Being learned in the law, counsel was aware of the issuance of the writ of Certiorari, and in utter contempt of the Supreme Court of the United States, proceeded to knowingly perpetrate a fraud on the court with the manufacture of jurisdiction, all of which defiles the USDC Nevada and impugns the entire judicial system.

25. No jurisdiction discovery was conducted. A motion for a jurisdiction hearing was made, opposed and denied.

26. Manufactured jurisdiction is fraudulent in nature and

6

cannot invoke the judicial power of the court. It represents a fraud on the court by officers of the court which prevents the court from proceeding lawfully to a valid judgment that is binding on all parties.

27. In case No. 2:15-CV-02366, notwithstanding the lack of jurisdictrion, the court allowed counsel to continued to litigate the suit and the court continued to dismiss all motions that would oppose the prosecution of the fraudulently manufactured jurisdiction.

**THE END OF THE MANUFACTURED JURISDICTION IN CASE 2:15-CV-02366**

28. The 9th circuit case that counsel touted as binding for jurisdictional purposes was overturned by the Supreme Court of the United States in Lightfoot v. Cendant Mortgage Corp., 580 U.S. ___ (2017). The Supreme Court held in an 8-0 decision that the right to sue and be sued clause in FNMA's charter does not confer federal question jurisdiction in cases involving FNMA;

> **Justice Sotomayor delivered the opinion of the Court.**
>
> **The corporate charter of the Federal National Mortgage Association, known as Fannie Mae, authorizes Fannie Mae "to sue and to be sued, and to complain and to defend, in any court of competent jurisdiction, State or Federal." 12 U. S. C. §1723a(a). This case presents the question whether this sue-and-be-sued clause grants federal district courts jurisdiction over cases involving Fannie Mae. We hold that it does not.**

thus eliminating all jurisdiction in case No. 2:15-CV-02366.

29. The Lightfoot decision mandated the USDC Nevada to dismiss case No. 2:15-CV-02366. The court refused.

## CONTEMPT OF THE SUPREME COURT OF THE UNITED STATES

**30.** In an unconscionable and egregious act of contempt and defiance of the 8-0 decision of the Supreme Court of the United States in Lightfoot v. Cendant Mort. Corp., 580 U.S. \_\_\_\_ (2017) the USDC Nevada refused to dismiss case No. 2:15-CV-02366 for want of jurisdiction and allowed counsel to continue to litigate the action to final judgment and beyond to contempt proceedings, all to the detriment of Clarence M. Willis and Ernest C. Aldridge.

**31.** The USDC Nevada, in an act of plenary indulgence, in defiance of the United States Supreme Court, permitted counsel to continue litigation to final judgment.

**32.** The final judgment in case No. 2:15-CV-02366, pronounced on 4/24/2018 is void as a matter of law. There was no basis for final judgment after the publication of Lightfoot v. Cendant Mortg. Corp., 580 U.S. \_\_\_\_ (2017) It was remedial back to 1954, leaving 2:15-CV-02366-JCM-GWF with no jurisdictional grounds.

**33.** The continued litigation to final judgment and the enforcement of that void judgment is a mockery that impugns the integrity of the entire federal judicial system. It is clear and convincing evidence that the officers of the USDC Nevada, hold the Supreme court of the United States in utter contempt.

**34.** Simple justice demands that case No. 2:15-CV-02366, be dismissed for want of jurisdiction and Plaintiffs do so demand.

**RELIEF DEMANDED**

**35.** Plaintiffs Clarence M. Willis and Ernest C. Aldridge do hereby demand that case No. 2:15-CV-02366 be dismissed for want of jurisdiction and the final judgment vacated.

**36.** Additionally Clarence M. Willis and Ernest C. Aldridge demand the payment of damages for the tortuous injuries of fraud, defamation, extortion and abuse of legal process. All of which were inflicted by Aldrdge Pite LLP and attorneys Laurel I. Handley, Krista J. Nielson and Anthony R. Sassi.

**COMPLAINT FOR DAMAGES**

**36. FRAUD**

In addition to the fraud on the court by the officers of the court, supra, Willis and Aldridge were deceived by the pretended cloud on titles to properties purportedly owned by Plaintiff, nine in total, which formed the basis for the filing of case No. 2:15-CV-02366, all of which entitles Clarence M. Willis and Ernest C. Aldridge to monitary damages in the amount of Three (3) Million US Dollars, each, and such other compensation awarded by the jury.

**37.** The fraudulent use of the names of Willis and Aldridge was intentional, deliberate, without permission and against their will. It entitles Clarence M. Willis and Ernest C. Aldridge to monitary damages in the amount of Three (3) Million US Dollars, each, and such other compensation awarded by the jury.

**38. Defamation;**

To be named us in a law suit in federal court by a party without any verified or verifible injury in fact or any wrongdoing attributable to named Defendants, Willis and/or Aldridge, defamed the good names and reputations of Willis and Aldridge entitling them to monitary damages in the amount of Three (3) Million US Dollars, each, and such other compensation that the jury might award.

**39. Extortion;**

The insurance of a summons under seal of the court, ordering an answer to unspecified or invalid claims or have judgment pronounced against you, is an act of extortion that weaponizes the court and instills fear and trepidation in those persons named in the summons. It is an intentional tort.

**40.** The summonses issued in case No. 2:15-CV-02366 commanding, without authority, an answer to charges and claims known to be false by Counsel and the named Defendants Willis and Aldridge, was an act of extortion that entitles Clarence M. Willis and Ernest C. Aldridge to monitary damages in the amount of Three (3) Million Dollars US ,each, and such other compensation awarded by the jury.

**41. ABUSE OF THE LEGAL PROCESS**

The complaint in case No. 2:15-CV-02366 was, in its entirity is a fraudulent misrepresentation. It presented no controversy

10

over which the court could exercise judicial power. The summons served with the complaint was issued under the seal of the court to extort a response to a fictitious action, which was litigated to final judgment and beyond in contempt of the United States Supreme Court.

**42.** Fron the malicious prosecution of 2:15-CV-02366 to the vicious enforcement of the final judgment, the case is void as a matter of law, it has been a continuing abuse of every aspect of legal process. It is a travesty that has weaponized the court against Clarence M. Willis and Ernest C. Aldridge, which entitles them to treble monetary damages of Nine(9) million US Dollars, each, in addition to those damages mentioned above for the intentional infliction of emotional distress and extreme mental anguish over a period of Eight years.

Respectfully submitted

Executed this 30th day of July 2023.

_____
Clarence M. Willis, Plaintiff

_____
Ernest C. Aldridge, Plaintiff