1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FED. NAT'L MORTG. ASS'N, | Case No. 2:15-cv-02366-MMD-EJY |
| Plaintiff, | ORDER |
| v. | |
| ERNEST C. ALDRIDGE, *et al.*, | |
| Defendants. | |

11    **I.    SUMMARY**

12         Plaintiff Federal National Mortgage Association ("Fannie Mae") filed this case to

13    quiet title to nine properties it owns. (ECF No. 1.) Fannie Mae won (ECF No. 264

14    ("Judgment")), and the Ninth Circuit Court of Appeals affirmed (ECF No. 278). The Court

15    refers to the pertinent properties herein as the Judgment Properties.[1] Defendants Ernest

16    C. Aldridge and Clarence Moses Willis are, and have been, in contempt of Court. (ECF

17    Nos. 294, 299, 320, 341, 350, 351, 358, 365.) The Court recently held a hearing ("the

18    Hearing") on Fannie Mae's motions for an order to show cause why Aldridge and Willis

19    should not be found in further contempt of Court and for corresponding sanctions (ECF

20    No. 368) and Fannie Mae's motion to deem Willis and Aldridge vexatious litigants (ECF

21    No. 368). (ECF No. 381 (Hearing minutes).) The Court granted both motions at the

22    Hearing and dismissed a new case filed by Aldridge and Willis, *Willis et al. v. Federal*

23    *National Mortgage Association et al.*, Case No. 3:23-cv-00379-MMD-EJY (D. Nev. Filed

24    Aug. 2, 2023) (the "379 Case") as one of the sanctions for Aldridge and Willis' further

25    contempt. As the Court stated it would at the Hearing, this order further explains the

26    Court's rulings on both motions and the prefiling requirements now applicable to Aldridge

27    and Willis because they are vexatious litigants.

28

_____

[1]They are listed in the Judgment. (ECF No. 264 at 2-3.)

## II.    BACKGROUND

To start, the Court incorporates by reference the background of this case provided in the Amended Order. (ECF No. 365 at 2-6.) Towards the end of the Amended Order, the Court wrote, "[f]iling more lawsuits about the Judgment Properties, in any court, will not change the fact of Fannie Mae's ownership, but will only provide further evidence of contempt of court." (*Id.* at 10.) The Court now summarizes the pertinent background since the Court entered the Amended Order.

Aldridge and Willis filed the 379 Case. (ECF No. 367.) The Complaint Aldridge and Willis filed in the 379 Case seeks to set aside the Judgment (entered by Judge Mahan in April 2018 in this case). (ECF No. 1 at 2 in the 379 Case.) To reiterate, Willis appealed that Judgment and the Ninth Circuit affirmed. (ECF No. 278.) In the Memorandum Disposition affirming Judge Mahan's Judgment, the Ninth Circuit wrote, "[t]he district court properly determined that the requirements for diversity jurisdiction were met, as the amount in controversy was over $75,000.00 and all parties were citizens of different states. *See* 28 U.S.C. § 1332(a) (setting forth requirements of diversity jurisdiction); 12 U.S.C. § 1717(a)(2)(B) (Fannie Mae "shall be deemed, for purposes of jurisdiction and venue in civil actions, to be a District of Columbia corporation.")." (*Id.* at 2.) Later in the same Memorandum Disposition, the Ninth Circuit wrote, "[t]o the extent that Willis challenges the district court's orders denying his motions to dismiss for lack of subject matter jurisdiction, the district court properly denied his motions to dismiss because the requirements for diversity jurisdiction were met." (*Id.* at 5.)

In response to Willis and Aldridge's filing of the 379 Case, Fannie Mae filed the motions addressed in this order, and moved to stay the 379 Case pending the Court's adjudication of Fannie Mae's motions in this case. (ECF Nos. 368, 369; *see also* ECF No. 17 in the 379 Case.) At the Hearing, the Court belatedly[2] accepted and considered Willis'

---

[2]The Court had not received any indication until shortly before and then during the Hearing that Willis and Aldridge were attempting to oppose Fannie Mae's motions, causing the Court to set various briefing schedules and grant Fannie Mae's request for an order to show cause why Willis and Aldridge should not be held in further contempt as unopposed. (ECF Nos. 370, 372, 374.)

1  responses to these motions. (ECF Nos. 376, 377, 378, 379, 380; *see also* ECF No. 381

2  (noting the Court's consideration of these documents).) Aldridge filed a document titled a

3  'counterclaim' in advance of the hearing, in which he accused the Court and Fannie Mae

4  (and some of its agents) of violations of criminal law, and further accused the Court both

5  of treason, and aiding and abetting Fannie Mae's purported racketeering operations—

6  based primarily on the jurisdictional argument addressed below. (ECF No. 375.) The

7  Court reviewed and considered this document as well. Willis, Aldridge, and Fannie Mae's

8  counsel all attended the Hearing in person. The Court gave Willis and Aldridge

9  opportunities to be heard on both of Fannie Mae's motions at the Hearing.

10  **III.  DISCUSSION**

11      The Court first addresses the issue of Willis and Aldridge's further contempt of

12  Court, primarily in filing the 379 Case, and then explains why it finds them vexatious.

13      **A.    Further Contempt**

14      Willis and Aldridge do not, and did not at the Hearing, dispute that they filed the

15  379 Case. The gist of their Complaint in the 379 Case is that Fannie Mae originally

16  asserted Judge Mahan had jurisdiction over this case in reliance on a Ninth Circuit case

17  that was subsequently reversed by the Supreme Court in *Lightfoot v. Cendant Mortg.*

18  *Corp.*, 580 U.S. 82, 84 (2017). (ECF No. 1 in the 379 Case.) Willis and Aldrige contend

19  *Lightfoot* means that this Court lost jurisdiction over this case when *Lightfoot* issued.[3] (*Id.*)

20  That is incorrect. *Lightfoot* holds that "Fannie Mae's sue-and-be-sued clause is most

21  naturally read not to grant federal courts subject-matter jurisdiction over all cases

22  involving Fannie Mae. In authorizing Fannie Mae to sue and be sued 'in any court of

23  competent jurisdiction, State or Federal,' it permits suit in any state or federal court

24  already endowed with subject-matter jurisdiction over the suit.'" 580 U.S. at 93. However,

25  the Court also noted in *Lightfoot* that, "[t]he doors to federal court remain open to Fannie

26  Mae through diversity and federal-question jurisdiction." *Id.* at 98-99.

27

28  ─────────────
        [3]This is basically the same argument that Aldridge raises in his 'counterclaim' as well. (ECF No. 375.)

1    The Ninth Circuit affirmed Judge Mahan's Judgment on the basis of diversity

2    jurisdiction and rejected presumably similar jurisdictional arguments to those made in the

3    Complaint in the 379 Case in 2020, or well after *Lightfoot* issued. (ECF No. 278 at 2, 5.)

4    In sum, Willis and Aldridge's argument that *Lightfoot* somehow retroactively annuls the

5    Judgment is simply incorrect.

6    But more importantly, the fact that Willis and Aldridge filed the 379 Case clearly

7    violates the Court's Amended Order finding Willis and Aldridge in contempt of court,

8    meaning they are now further in contempt of court. (ECF No. 365 at 10.) Willis and

9    Aldridge's insistence on repeatedly challenging this Court's jurisdiction, such as by filing

10   the 379 Case, long ago became frivolous and vexatious. Indeed, the Court has previously

11   rejected variations of this argument ever since this case was reassigned to it. (*See, e.g.*,

12   ECF No. 351 at 13-16 (rejecting the jurisdictional argument that Aldridge raised).)

13   In addition to offering the jurisdictional argument addressed above, Willis and

14   Aldridge argued at the Hearing and in their various filings in response to Fannie Mae's

15   most recent motions that: (1) the Court should deny Fannie Mae's motions because they

16   did not include a subheading titled 'memorandum of points and authorities' in violation of

17   LR 7-2; and (2) the most recent filings Fannie Mae had served on them did not have blue

18   headers at the top listing the CM/ECF (Case Management/Electronic Case Filing)

19   numbers corresponding to the documents. As the Court explained at the Hearing, the

20   Court's Local Rules do not require either of these things. Fannie Mae's motions clearly

21   contain memoranda of points and authorities, though they lack headings that say,

22   'Memorandum of Points and Authorities.' LR 7-2 requires nothing more. And no Local

23   Rule requires that parties serve copies of their filings with the CM/ECF headers on them.

24   In terms of sanctions for Willis and Aldridge's further contempt, Fannie Mae asked

25   for dismissal of the 379 Case filed in clear violation of the Amended Order, monetary

26   sanctions tied to the amount of work Fannie Mae has had to do to respond to the 379

27   Case, and criminal contempt sanctions. The Court declines to impose criminal contempt

28   sanctions, but agrees with Fannie Mae that the other two types of requested sanctions

4

are appropriate. As the Court stated at the Hearing, the Court accordingly dismissed the 379 Case with prejudice and will award Fannie Mae its reasonable fees and costs in responding to it. These sanctions are proportional and reasonably tailored to Willis and Aldridge's further contempt since the Court issued the Amended Order.

### B.    Vexatious Litigants

Fannie Mae also asked the Court to declare Willis and Aldridge vexatious litigants. (ECF No. 368.) A court must approach the fact of declaring a litigant vexatious with caution and pre-filing orders to that effect "should rarely be filed." *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990).

The Ninth Circuit has provided guidelines for courts to apply before ordering pre-filing restrictions. *Id.* at 1146-48. First, to be compliant with the requirements of due process, a court must provide the litigant with notice and "an opportunity to oppose the order before it is entered." *Id.* at 1147. Second, to ensure adequate review, a court must provide "a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed." *Id.* Third, the district court must make "substantive findings as to the frivolous or harassing nature of the litigant's action." *Id.* at 1148 (citation omitted). Finally, a vexatious litigant order "must be narrowly tailored to closely fit the specific vice encountered." *Id.*

Declaring Willis and Aldridge vexatious litigants is both necessary given the volume of frivolous cases they have filed about the Judgment Properties post-Judgment and appropriate under the *De Long* requirements. First, the Court gave Willis and Aldridge notice and an opportunity to be heard, both in writing and in person. (ECF Nos. 374, 381.) At the Hearing, Willis and Aldridge focused extensively on the jurisdictional and procedural arguments addressed and rejected in the contempt section above, but did not offer much argument as to why the Court should not declare them vexatious litigants. To the extent Willis and Aldridge made any substantive argument as to why the Court should not declare them vexatious litigants at the Hearing, the Court found those arguments unpersuasive.

1    As to the second factor, the Court incorporates by reference its Amended Order

2    (ECF No. 365) and Fannie Mae's list of cases that Willis and Aldridge frivolously and

3    vexatiously filed to contest ownership of the Judgment Properties and otherwise unwind

4    the Judgment (ECF No. 368 at 3-6). And on top of all of this, Willis and Aldrige filed the

5    379 Case in clear violation of the Amended Order—and the 379 Case explicitly seeks to

6    annul the Judgment. It is clear that Fannie Mae will not be free from further, baseless

7    harassment by Willis and Aldridge regarding the Judgment Properties if the Court does

8    not enter a vexatious litigant order imposing some prefiling requirements on Willis and

9    Aldridge.

10    As to the third factor, the Court already found Aldridge and Willis' conduct frivolous

11    and vexatious about a year ago, but declined to initiate a *sua sponte* process to declare

12    them vexatious litigants at that time. (ECF No. 365 at 1.) Since the Court issued the

13    Amended Order, and as recounted above, Willis and Aldridge have filed a new, frivolous

14    case, and then only pressed frivolous arguments in response to Fannie Mae's most recent

15    round of motions. The new case is frivolous—again, as explained above—because it

16    contravenes the Court's Amended Order and presses a frivolous argument seeking to

17    undo the finality of a judgment that Willis and Aldridge have repeatedly tried to frivolously

18    annul for years after exhausting their appellate rights. *See United States v. Braunstein*,

19    281 F.3d 982, 995 (9th Cir. 2002) ("'frivolous' means 'groundless ... with little prospect of

20    success; often brought to embarrass or annoy the defendant.'") (citations omitted).

21    Indeed, the 379 Case is groundless, as were the several cases described and resolved

22    in the Amended Order. (ECF No. 365.) And the Amended Order came after the Ninth

23    Circuit dismissed as frivolous Aldridge's appeal of an earlier order finding Willis and

24    Aldridge in contempt of Court. (ECF No. 340.) This further speaks to the extreme level of

25    frivolity at issue here.

26    As to the fourth and final factor, the Court will narrowly tailor the prefiling

27    requirements to any cases at all related to the Judgment Properties or the Judgment,

28    including this Court's jurisdiction over the Judgment. It is really Aldridge and Willis'

1   ceaseless and groundless litigation of ownership of the Judgment Properties, and the
2   resulting burden on Fannie Mae, that is the specific vice the Court is concerned about.[4]
3   The Court spells out the prefiling requirements applicable to Aldridge and Willis in the
4   Conclusion section below. Aldridge and Willis may file new cases in this district without
5   obtaining prefiling approval if their proposed new cases in no way relate to the Judgment
6   Properties, the Judgment, or the Court's jurisdiction over the Judgment. But Willis and
7   Aldridge are now vexatious litigants. They must therefore attach a copy of this order to
8   any new case they file so that the assigned judge may determine whether they are
9   required to comply with the prefiling requirements imposed below, and if so, whether they
10  did. If Willis and Aldridge violate the prefiling requirements described in this order, or fail
11  to attach a copy of this order to any new cases they file, the Court will summarily dismiss
12  any applicable new cases they file while referring back to this order.

13  **IV.    CONCLUSION**

14      *To be clear, Aldridge and Willis remain in contempt of Court. Indeed, they are*
15  *further in contempt of Court then they were before.*

16      It is therefore ordered that, and as stated at the Hearing, as sanctions for Aldridge
17  and Willis' further contempt of Court, the Court: (a) dismissed the 379 Case with prejudice
18  and denied the motions pending in it as moot; and (b) will award Fannie Mae its
19  reasonable fees and costs associated with filing (ECF No. 369) in this case, along with
20  all related briefing and appearing for the Hearing, except for fees relating to the motion to
21  deem Willis and Aldridge vexatious litigants, and (ECF No. 17) in the 379 Case, along
22  with all related briefing.

23      It is further ordered that Fannie Mae must file its affidavit for fees on or before
24  seven days from the date of the Hearing. Fannie Mae may attach a proposed order
25  awarding it its fees if Fanne Mae wishes. Thereafter, Willis and Aldridge have 30 days to

26

27  _____

28      [4]Of course, all of this litigation stems from Aldridge and Willis' fraudulent scheme,
    which is also concerning—just not directly applicable to this vexatious litigant analysis.
    (ECF No. 264 at 3 (finding they engaged in a fraudulent scheme).)

1  respond. At the conclusion of this briefing process, the Court will enter an order granting
2  Fannie Mae its reasonable fees and costs in line with this order.

3       It is further ordered that Fannie Mae's motion to deem Aldridge and Willis vexatious
4  litigants (ECF No. 368) is granted.

5       The Court declares that Ernest C. Aldridge and Clarence Moses Willis are
6  *vexatious litigants.* The Court invokes its inherent authority under 28 U.S.C. § 1651(a) to
7  enjoin and prohibit Aldridge and Willis from filing any complaint, petition, or other
8  document in this Court relating to either the Judgment Properties, the Judgment, or this
9  Court's jurisdiction over the Judgment without first obtaining leave of this Court. Said
10  otherwise, in order to file any papers in this Court that at all relate to the Judgment
11  Properties, the Judgment, or this Court's jurisdiction over the Judgment, Aldridge and
12  Willis must first file an application for leave to file. The application must be addressed to
13  the Chief Judge of the District of Nevada. The application must be supported by a
14  declaration of Aldridge and Willis stating, *under penalty of perjury*: (1) that the matters
15  asserted in the new complaint or papers have never been raised and disposed of on the
16  merits by any court; (2) that the claim or claims are not frivolous or made in bad faith; and
17  (3) that Aldridge and Willis have conducted a reasonable investigation of the facts and
18  investigation supports their claim or claims. They must also detail what that investigation
19  consisted of in their application. In addition, a copy of this order declaring that Willis and
20  Aldridge are vexatious litigants must be attached to any application submitted to this
21  Court, *and any new case they file in this Court.* Failure to comply with these requirements
22  will be sufficient grounds for summary denial of an application, and for summary dismissal
23  of any new cases Aldridge and Willis file without complying with these requirements.

24  ///
25  ///
26  ///
27  ///
28  ///

8

1    The Clerk of Court is directed to file a copy of this order in *Willis et al. v. Federal*

2  *National Mortgage Association et al.*, Case No. 3:23-cv-00379-MMD-EJY (D. Nev. Filed

3  Aug. 2, 2023). That case will remain closed.

4    DATED THIS 26th Day of September 2022.

5

6    _____
     MIRANDA M. DU

7    CHIEF UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28